UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-23898

JAMES "JEB" CARTY,

    Plaintiff,

v.

CHEALSE SOPHIA HOWELL and
HAUTE AGENCY, INC.,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, James "Jeb" Carty ("Carty") sues Defendants, Haute Agency, Inc. ("Haute Agency") and Chealse Sophia Howell ("Howell") and states:

## JURISDICTION, VENUE, AND PARTIES

1. This is an action in which the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

2. Carty is an individual residing in Los Angeles, California. Carty is a successful musical artist whose songs have been streamed hundreds of thousands of times on various music platforms.

3. Haute Agency is a Florida corporation with its principal address in St. Petersburg, Florida, that promotes itself as being "a full brand development agency."

4. Upon information and belief, Howell is an individual residing in Miami-Dade County, Florida, and is the sole owner, director and employee of Haute Agency.

5. Jurisdiction is proper under 28 U.S.C. § 1332(1) because Carty is a citizen of a state different from Haute Agency and Howell and the amount in controversy exceeds $75,000.

1

6.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Howell resides in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

### Howell's Misrepresentations and Execution of the Booking Agreement

7.  In or around June 2022, Carty was introduced to Howell by a mutual contact.

8.  To induce Carty to enter into a contract with her company, Howell misrepresented to Carty: (i) that she had authority to represent and secure the services of internationally-renowned recording artist Swae Lee ("Lee"); (ii) that she was legally authorized to act as a talent agent; and (iii) that she could arrange a European concert tour during which Carty would perform.

9.  In reliance on those representations, on June 29, 2022, Carty entered into a booking agreement with Haute Agency (the "Booking Agreement"). A copy of the Booking Agreement is attached as Exhibit A.

10. Pursuant to the Booking Agreement, Carty agreed to pay $300,000 as consideration for Haute Agency's arranging for and booking Carty's appearances on a nine-city European concert tour, and providing certain other required deliverables relating to a recording and performance collaboration between Carty and Lee (the "Deliverables"). The understanding between Carty and Howell, acting on behalf of Haute Agency, was that $200,000 would be paid in consideration for the Deliverables, and the $100,000 would be paid in consideration for Haute Agency's arrangement of the European tour.

11. The Booking Agreement specifies that in the event the European tour was cancelled, Carty "[would] be excused from payment" of the $300,000 fee and would have the option of a full refund from Haute Agency. Ex. A at 2.

12. The Booking Agreement further provides that "in the event of any litigation…with regard to this Agreement, the prevailing party shall be entitled to receive from the other party and the other party shall pay all reasonable fees, costs and expenses of counsel for the prevailing party." Ex. A at 3.

### Carty Pays $300,000 to Haute Agency, the European Tour is Cancelled, and Defendants Refuse to Return Funds to Carty

13. Carty paid $300,000 to Haute Agency through two separate wire transfers of $200,000 (on July 1, 2022) and $100,000 (on July 5, 2022).

14. Soon thereafter, it became evident that Howell had exaggerated and/or fabricated certain material information that Carty relied upon in entering into the Agreement and paying $300,000 to Haute Agency.

15. For example, Howell's representation that she and Haute Agency had the authority to represent Lee turned out to be false, as Lee is represented by Interscope Records.

16. In addition, Howell and Haute Agency were unable to deliver on the promised European tour, which was cancelled on or around August 20, 2022.

17. Because the tour was canceled, Carty demanded the return of the $100,000 he paid in consideration for Haute Agency's facilitation of the tour.

18. In response, Howell, individually and on behalf of Haute Agency, stated that she would return the $100,000.

19. However, as of the date of this Complaint, Howell has not returned the funds and has stopped responding to communications from Carty or his representatives.

20. Howell and Haute Agency also failed to provide the Deliverables required by the Booking Agreement, and failed to return the $200,000.

21. Carty has retained the undersigned firm to represent him in this matter.

## COUNT I
### (Breach of Contract – Against Haute Agency)

22. Carty re-alleges Paragraphs 1 through 21.

23. The Booking Agreement is a valid agreement.

24. After the cancellation of the European tour, Haute Agency materially breached the Booking Agreement by refusing to refund to Carty the amounts he had paid.

25. Haute Agency also breached the Booking Agreement by failing to provide all required Deliverables.

26. As a result of Haute Agency's breach, Carty has suffered damages, including attorneys' fees incurred in connection with his efforts to secure the return of the funds owed to him.

WHEREFORE, Carty requests the Court to enter judgment in his favor and against Haute Agency for all damages incurred as a result of the breach, including attorneys' fees and costs, and to grant such further relief as the Court deems appropriate.

## COUNT II
### (Fraudulent Inducement – Against Howell)

27. Carty re-alleges Paragraphs 1 through 21.

28. To induce Carty to enter into the Booking Agreement and pay $300,000 to Haute Agency, Howell made several material misrepresentations.

29. At the time of the representations, Howell knew or should have known that they were false.

30. Carty acted in reliance on Howell's misrepresentations and entered into the Booking Agreement.

31. Howell's misrepresentations proximately caused injury to Carty, who has suffered damages in the form of the $300,000 paid to Haute Agency, in addition to attorneys' fees and costs incurred in connection with his efforts to secure the return of the funds owed to him.

WHEREFORE, Carty requests the Court to enter judgment in his favor and against Howell for all damages incurred as a result of the fraudulent inducement, including attorneys' fees, and to grant such further relief as the Court deems appropriate.

## COUNT III
### (Unjust Enrichment – Against Both Defendants)

32. Carty re-alleges Paragraphs 1 through 21.

33. By paying the $300,000 to Haute Agency, Carty conferred a benefit upon Haute Agency and also upon Howell, as the sole owner, director and employee of Haute Agency and who received all or substantially all of the funds ultimately retained by Haute Agency.

34. Under the circumstances, it would be inequitable for Haute Agency and Howell to retain the benefit of these funds without reimbursing Carty.

35. Haute Agency and Howell will be unjustly enriched if they are not required to reimburse Carty.

WHEREFORE, Carty requests the Court to enter judgment in his favor and against Haute Agency and Howell for all damages incurred as a result of the unjust enrichment, and to grant such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Carty demands a trial by jury on all triable issues.

Dated: November 30, 2022

*s/ Alan Rosenthal*
Alan Rosenthal (FBN 220833)
arosenthal@carltonfields.com
Charles Throckmorton (FBN 101203)
cthrockmorton@carltonfields.com
Carlton Fields
2 MiamiCentral
700 N.W. 1st Avenue, Suite 1200
Miami, FL  33136
Telephone:     (305) 530-0050
Facsimile:     (305) 530-0055

*Attorneys for Plaintiff*